# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
Orlando Division

JESUS M. GUZMAN JR.,

     *Plaintiffs,*

v.

STATE OF FLORIDA;

     *Defendants.*

Case No: 6:21-CV-508-PGB-EJK

FILED

2021 APR 13 PM 2:24

---

## AMENDED CERTIFICATION OF COMPLAINT FOR LEGAL ACTION

THIS COMPLAINT IS BROUGHT FORTH ON THE GROUNDS STATED BELOW.

The foregoing are declarations of Civil Rights Violations, Human Rights Violations, and Violations of the Plaintiffs Constitutional rights, being made notified. Case Summary:

Plaintiff, JESUS M. GUZMAN JR. ("Guzman Jr.") is bringing forth Legal I Action against Defendant(s) STATE OF FLORIDA; Officials of the STATE OF FLORIDA; Patrick Lewis DBA, DEPUTY PATRICK LEWIS; Maureen Bell DBA THE HONORABLE, JUDGE MAUREEN BELL; Evellen H. Jewett DBA HONORABLE JUDGE EVELLEN H. JEWETT ("Defendant[s]").

*Id. at 153. 153 n.6.;, 42 U.S.C. § 1983; 42 U SEC. § 1983 (2000). 53 41 I U.S. 475 (1973).*

Plaintiff is Seeking the grant of Restitution for false imprisonment, defamation, infliction of emotional distress, Violation of Constitutional Rights, Violation of Civil Rights, interference with Plaintiffs free right to travel, Racial Profiling, Detention of Liberties. Punitive Damages. Pain and Suffering, Loss of Wages, Irrecompensible loss of time. Involuntary Servitude. Peonage., Wrongful confinement. Damage to Reputation. Character Assassination. Arbitrary Interference with Property Rights. Threat, Duress, Coercion, Irrecompensible damages, loss of time at home with family. Loss of time from Job. Emotional Hardship. Mental Distress. Excessive travel and Travel expenses. Financial Hardships as well as. Hardships of family assistance which has incurred debt(s).

Guzman Jr. affirms the forgoing Issues; Guzman Jr. raises the following issues:

**I.** The circuit court has Criminalized and Victimized the Plaintiff and has created Irrecompensible damages when it dismissed the case against Guzman Jr. with notification of "Nolle Prosequi"; for reason(s) never mentioned or declared. The Plaintiff continuously declared a Move to Dismiss for lack of Subject Matter Jurisdiction; Failure to provide proper venue; as well as, lack of an Injured party.

-2 *Blashfield Automobile Law, Perm. Ed., sec. 1191, p. 321; Fulton v. Chouteau County Farmers' Co., 98 Mont. 48, 37 P.2d 1025; Morton v. Mooney, 97 Mont. 1, 33 P.2d 262, 263; Albrecht v. Waterloo Const. Co., 218 Iowa, 1205, 257 N.W. 183.*
-*Reference(s) of cases are relative as similar to the case(s) stated herein, with exception of Commercial Lien attachment(s).*

**II.** Whether the Sheriff's Deputy realized their error upon the moment he pulled over the vehicle (in a verbal Trust agreement), in the name of Jeremy N. Guzman where the tag was not expired, yet the vehicle was operated by Guzman Junior(Trustee).

**III.** Whether the Sheriff's Deputy realized the error when Guzman Junior asserted his Right(s);

**IV.** Whether the circuit court considered the court was erred when it continued to proceed without Compensation for Coercion, Involuntary Servitude; instituting and implementing Trial without Jury (Denying Guzman Jr. Due Process); Enforcing and Intimidating Guzman Jr.; Not providing time for the Defendant to Request Discovery, Establishing a decline of confidence in the justice system and it's "Officials/Employees"; Railroading and Coercing to accept and perform in a court of law; rushing judgment against JESUS M GUZMAN JR.; who is seeking claims for:

**A. False Arrest,** where Guzman Jr. was detained and questioned about numerous personal questions asked to average Citizens and allegedly was further questioned about personal

Page 3/20
*-2 Blashfield Automobile Law, Perm. Ed., sec. 1191, p. 321; Fulton v. Chouteau County Farmers' Co., 98 Mont. 48, 37 P.2d 1025; Morton v. Mooney, 97 Mont. 1, 33 P.2d 262, 263; Albrecht v. Waterloo Const. Co., 218 Iowa, 1205, 257 N.W. 183.*
*-Reference(s) of cases are relative as similar to the case(s) stated herein, with exception of Commercial Lien attachment(s).*

matters;  the Plaintiff rejected answering questions making notified to be free from

incrimination. Time of detainment of 1:24pm to 10: 00 am Plaintiff is seeking §75.00 per

second for compensation of loss of time from work and family; Loss of time, Hardships

from debt family has spent to bond out the Plaintiff.

**B. Defamation,** where the Deputy allegedly accused Guzman of Driving Commercially as

if the STATE retains his property rights; criminalizing the Defendant (now known as

Plaintiff in the presence of four other Deputies suggesting unwarranted search & Seizure

and enacting on such searches without permission from Guzman Jr... Further Along

incarcerating Guzman Jr. in order to support such Conclusive Profiling/Stereotypical

Judgment; and the impounding of the Plaintiffs private vehicle; as well as, the Exploitation

of Mugshots in Newspapers/Editorials upon being booked.

**C. Infliction of Emotional Distress,** where Guzman Jr. has suffered many days worried of

the outcome of his new occupation and the outcome of the cases at hand. The heartache

and contemplation of where to obtain the funds for the constant travel from Miami to

Orlando, then Orlando to Miami; Funds that were said to go to Guzman Jr.'s three

daughters had to be used traveling which in turn created a hardship with the Guzman Jr.'s

family.

*-2 Blashfield Automobile Law, Perm. Ed., sec. 1191, p. 321; Fulton v. Chouteau County Farmers' Co., 98 Mont. 48, 37 P.2d 1025; Morton v. Mooney, 97 Mont. 1, 33 P.2d 262, 263; Albrecht v. Waterloo Const. Co., 218 Iowa, 1205, 257 N.W. 183.*
*-Reference(s) of cases are relative as similar to the case(s) stated herein, with exception of Commercial Lien attachment(s).*

**D. Intentional infliction of emotional distress** – where the Deputy (ies) and the Judge(s) questioned Guzman Jr. in a gruff and intimidating manner;

**E. Intentional (Arbitrary) interference with the employment relationship** – where Guzman Jr. Was Ordered to appear in court Making notified to the courts, on and off record objection of a plea; the Plaintiff requested the Disclosure of Nature, Cause, Action, Venue and Jurisdiction over and over only to be overridden causing Guzman Jr. to question the integrity of STATE OFFICIALS.

**E. Violations of Constitutional Rights** -Whereas the Plaintiff exercised his free right to exercise his constitutional Rights and thereof, Pursued in denying searches and seizures unless there is a valid warrant; Exercising the right not to incriminate one's self; The right to life, liberty, and the pursuit of happiness; standing firm on being secure in his papers property. The Deputy (ies) enact dismissively, operating in a coercive manner. The Plaintiff was enforced by the ORANGE COUNTY DEPUTIES to be detained, frisked, then turned over to ORANGE COUNTY CORRECTION OFFICERS who then frisked and searched Guzman Jr., Then Instructing Guzman Jr. to STRIP NUDE, BEND OVER AND SHOW MY PRIVATE PARTS, SQUAT AND COUGH AND THEN DRESS UP IN CRIMINAL CONVICT ATTIRE. Where the Plaintiff was arrested, booked, neglected, and Starved until the moment of bonding out of the ORANGE COUNTY CORRECTIONAL facility.

-2 *Blashfield Automobile Law, Perm. Ed., sec. 1191, p. 321; Fulton v. Chouteau County Farmers' Co.,*
*98 Mont. 48, 37 P.2d 1025; Morton v. Mooney, 97 Mont. 1, 33 P.2d 262, 263; Albrecht v. Waterloo*
*Const. Co., 218 Iowa, 1205, 257 N.W. 183.*
-*Reference(s) of cases are relative as similar to the case(s) stated herein, with exception of Commercial*
*Lien attachment(s).*

**G. <u>Violations of Civil Rights</u>,** whereas Guzman Jr.'s Rights were not acknowledged and ignored, leading to assault and battery when being involuntarily frisked, detained and arrested; upon booking Guzman Jr. was Neglected due to starvation and not offered nor provided any kind of nourishment. The camera feed in the ORANGE COUNTY CORRECTIONS facility can provide further detail.

**H. <u>Excessive Travels-</u>** Guzman Jr. has been enforced to travel from Miami to Orlando, Florida constantly with the documentation, emails and debit charges to prove the Extra travel expenses incurred for many unreasonable proceedings and time consuming, yet voluntary interference with Guzman Jr.'s occupation and family life even through the exercising and standing on his Constitutional Inalienable God Given Rights.

**I. <u>Wrongful Confinement</u>-** Any Official in regards to exercising the Authority of Incarceration should establish if a natural being is exercising their constitutional rights before processing and enforcing any hearing of any matter. It is now apparent that such proceedings were a waste of time being that the case is dismissed has now resulted in the Wrongful Confinement which has taken away Irrecompensible time and revenue beyond value.

**J. <u>False Imprisonment</u>** – The fact that the Plaintiff (Guzman Jr.) has been imprisoned and involuntarily subjected to neglect and harsh conditions of the ORANGE COUNTY

-2 *Blashfield Automobile Law, Perm. Ed., sec. 1191, p. 321; Fulton v. Chouteau County Farmers' Co., 98 Mont. 48, 37 P.2d 1025; Morton v. Mooney, 97 Mont. 1, 33 P.2d 262, 263; Albrecht v. Waterloo Const. Co., 218 Iowa, 1205, 257 N.W. 183.*
-*Reference(s) of cases are relative as similar to the case(s) stated herein, with exception of Commercial Lien attachment(s).*

CORRECTIONS facility spending up to twelve hours without nourishment is in fact a violation of Civil and Constitutional Rights.

**K.** **Racial Profiling**- Plaintiff traveling in his own Private Vehicle [registered in the name of (an individual that has never been incarcerated) Jeremy Nathaniel Guzman] enters the highway entrance which enjoins 408 east west expressway from downtown Orlando. Upon entering the highway the Plaintiff enters the middle lane. Within a few seconds of entering the Plaintiff sees a Deputy's Vehicle approaching in the right lane. Plaintiff seen the officer just to the passenger side while double checking the speed of the vehicle is within range of speed limit. Plaintiff see's cars speeding past his vehicle on the left lane and proceeds' with signal to turn into the right lane. After making sure of no obstructions or vehicles the Plaintiff proceeds into next lane to get closer to his exit. Entering the same lane The Deputy is in. Upon merging in front of Deputy Patrick Lewis DBA ORANGE COUNTY SHERIFFS DEPT., DEPUTY PATRICK LEWIS, turned his lights on and pursued to pull over the private vehicle of Jesus Miguel Guzman Junior, on the morning of Sunday, the 22'd of January at 1:27am, (as defined on documentation by the agency) registering Tag BVM2732 to wit, was not expired. The information results a picture of a Male of Hispanic Descent with no criminal history The Plaintiff's younger Brother Jeremy N. Guzman. The

Page 7/20
-2 *Blashfield Automobile Law, Perm. Ed., sec. 1191, p. 321; Fulton v. Chouteau County Farmers' Co.,* *98 Mont. 48, 37 P.2d 1025; Morton v. Mooney, 97 Mont. 1, 33 P.2d 262, 263; Albrecht v. Waterloo* *Const. Co., 218 Iowa, 1205, 257 N.W. 183.*
-*Reference(s) of cases are relative as similar to the case(s) stated herein, with exception of Commercial* *Lien attachment(s).*

Deputy can visually see the Traveler is alone in the vehicle. The Tag reveals the operator of the automobile is Jeremy N. Guzman.

The Plaintiff pulls over and is immediately told to exit the vehicle via Intercom.

*To wit, serves as reference of similarity:*
*-Pennsylvania v. Mimms grants officers the ability to order the driver out of the car.*
*If there's more than one person in the car.*

The Deputy asks, for license and Registration. Plaintiff states "I am not driving commercially, nor do I have no passengers for hire. The Deputy Asks, if the Plaintiff has any weapons or Drugs in the Vehicle Plaintiff states: I don't consent to Warrantless search and seizures. The Deputy asks the Plaintiff if he has had anything to drink. The Plaintiff Replies, "I'm Sorry Deputy, I don't answer questions, and I don't consent to any kind of search.". Deputy Patrick Lewis responds "be honest, maybe one or two?". Plaintiff Responds " I just told you, I don't answer questions, and I am not going to incriminate myself,...NEXT!". The Deputy notifies me he is going to call on back up. More Deputies arrive. The Deputy/Deputies put(s) immense Duress questioning and interrogating the Plaintiff and states to Plaintiff, "I am getting a K-9 unit on the way". Plaintiff responds, "What part of  I don't consent to, **ANY** searches **do you, not understand?**"

Plaintiff grabs key from pocket and unlocks the trunk, leaving the trunk of the 94 red 2 door, Honda civic-ex,  partially open. The Plaintiff states "this is under Threat, Duress and

*-2 Blashfield Automobile Law, Perm. Ed., sec. 1191, p. 321; Fulton v. Chouteau County Farmers' Co., 98 Mont. 48, 37 P.2d 1025; Morton v. Mooney, 97 Mont. 1, 33 P.2d 262, 263; Albrecht v. Waterloo Const. Co., 218 Iowa, 1205, 257 N.W. 183.*
*-Reference(s) of cases are relative as similar to the case(s) stated herein, with exception of Commercial Lien attachment(s).*

Coercion"; "I do not consent to any searches, I know you all have protocol(s) and I have nothing to hide, I already told you numerous times, I DO NOT CONSENT.". The Deputy notifies the Plaintiff, the sheriff and deputies "are just taking a look" at said vehicle and contents within. As the Deputy(ies) search Plaintiff's Private belongings along with 2 other Deputies as another Deputy stood and Questioned the Plaintiff.

The Deputy finds a Florida State IDENTIFICATION card with the Plaintiff s *Ens Legis* name (JESUS M GUZMAN JR.) along with a small amount of Marijuana-Cannabis flower(verifiable in public record); ongoing to operate in assumption [as if, Plaintiff provided such information at freewill] so as to enact the unofficial establishment of Joinder. The Deputy then kidnapped the Plaintiff (against the Plaintiff's freewill) from traveling in his own private status, exercising his civil and constitutional rights in attempts to maintain his liberty. A Direct Violation which led to Detention of Liberties, due to the racial profiling a young Puerto Rican Male via Targeted by tactical expose' ;lead by Threat with a Gun, Duress with the face of authority-[ including physical mental psychology to obfuscate and disorient the Plaintiff while no emergency is truly present by utilizing red and blue flashing light(s) (without regard the Plaintiff may suffer from epilepsy)], Coercion by initiating Search due to such stereotypical, poor judgmental decisions by target and ridding the Streets of the Opposite Race and Ethnic Culture/Background than, that of the

-2 *Blashfield Automobile Law, Perm. Ed., sec. 1191, p. 321; Fulton v. Chouteau County Farmers' Co., 98 Mont. 48, 37 P.2d 1025; Morton v. Mooney, 97 Mont. 1, 33 P.2d 262, 263; Albrecht v. Waterloo Const. Co., 218 Iowa, 1205, 257 N.W. 183.*
-*Reference(s) of cases are relative as similar to the case(s) stated herein, with exception of Commercial Lien attachment(s).*

sheriff and colleagues and affiliates alike; to take charge of incarcerating Civilized Private

Individuals that are NOT Criminals, yet inflicted to be Criminalized.

*-Chimel v. California*
*"search incident to arrest, and describes what is referred to as "lunge area." Chimel was arrested in his home, and officers asked for consent to search his home. He denied. The officers searched anyway, considering it a search incident to arrest.*
*Maryland v. Macon, 472 U.S. 463 (1985).;Constitution of United States of America-Fourth Amendment*

*Mapp v. Ohio, 347 U.S. 643 (1961),; Exclusionary Rule.; Saucier v. Katz, 533 U.S. 194 (2001)*

*[A search becomes unreasonable upon the assertion of the right(s) of the Individual not consenting.]*

**L.** **Damage to Reputation.**-Whereas, the Plaintiff's Mugshot(s) remain on displayed

online to present date as well as, arrest record created in error on public display.


**M. (1)** **Character Assassination** – In the application process for applying for an

apartment, the plaintiff has been denied because of such case(s) 2017-MM0000596-A-O

and 2017-CT000546-A-O were pending and said Charges and arrest report were published.

The Arrest report regardless of allegations and the nature of such had a negative effect in

obtaining a more financially affordable home to provide my family a more suitable living

condition.

**M (2)** **Character Assassination continued**- Also, The ability to maintain Electrical

Education via ABC in South Florida (when employed by Wiring.com) due to NOT having

a Driver's License be it caused by Alliance One debt collection(s) perpetual rising interest

*-2 Blashfield Automobile Law, Perm. Ed., sec. 1191, p. 321; Fulton v. Chouteau County Farmers' Co., 98 Mont. 48, 37 P.2d 1025; Morton v. Mooney, 97 Mont. 1, 33 P.2d 262, 263; Albrecht v. Waterloo Const. Co., 218 Iowa, 1205, 257 N.W. 183.*
*-Reference(s) of cases are relative as similar to the case(s) stated herein, with exception of Commercial Lien attachment(s).*

etc. Despite paying vasts amounts of a debt that originated at approximately two- thousand dollars. The Rejecting result is embarrassing and the time and revenue for the application process(es) are/is a loss.

**M. Partiality –** In both cases 2017CT000546A-O (Maureen Bell), and 2017MM000596A-O (Evellen H. Jewett) the judge continuously proceeds Coercing the Plaintiff to return to court under duress and Coercion. The Judge(s) Violate the Plaintiffs unwillingness to Contract and Negotiate. In turn, The Judge Practices law by the bench and enters a plea; confirming the violation of Involuntary Servitude and Coercion. The Law and Code STATE Officials follow states as follows: The right to trial by jury is preserved in any such private right of action in which the aggrieved person is seeking compensatory or punitive damages, and any party may demand a trial by jury.

**N. Arbitrary Interference of Property Rights** -Plaintiff's Vehicle was impounded and accumulated excessive fees that could have been avoided. Granted, the officers of the "law" are properly trained to deal with Citizen's vs. American Sovereign Private Sentient beings and their property these violations would not have occurred.

**O. Detention of Liberties**-The Plaintiff Guzman Jr. was incarcerated for 9 hours. Plaintiff is seeking damage(s) for Twelve (12) hours and is seeking compensation of seventy-five

-2 *Blashfield Automobile Law, Perm. Ed., sec. 1191, p. 321; Fulton v. Chouteau County Farmers' Co., 98 Mont. 48, 37 P.2d 1025; Morton v. Mooney, 97 Mont. 1, 33 P.2d 262, 263; Albrecht v. Waterloo Const. Co., 218 Iowa, 1205, 257 N.W. 183.*
-*Reference(s) of cases are relative as similar to the case(s) stated herein, with exception of Commercial Lien attachment(s).*

dollars per second (§75.00 per second.) for the charge of Detention of the Plaintiff's Liberties alone.

***Referenced as similar in violation(s);***

     ***TITLE 18, U.S.C., SECTION 242.;*** **42 U.S.C. §1983** ;*Bush v. City of Daytona Beach*

**P. Kidnap** -Guzman Jr. was arrested against his will, involuntarily subjected to being kidnapped and held for ransom. Upon his family paying for such ransom he was still held for extra hours after paying said ransom in a facility that is prone to inmates contacting staff and MRSA.

**Q. Peonage**- Orange County Deputies sought to return the Plaintiff (Guzman Jr.) into a condition of Peonage known as Debt Servitude as well as Debt Slavery.

Whereas, *The United States Code>Title l8 of Chapter 77§1584 (a) Whoever holds or returns any person to a condition of peonage, or arrests any person with the intent of placing him in or returning him to a condition of peonage, shall be fined under this title or imprisoned not more than 20 years, or both. If death results from the violation of this section, or if the violation includes kidnapping or an attempt to kidnap, aggravated sexual abuse or the attempt to commit aggravated sexual abuse, or an attempt to kill, the defendant shall be fined under this title or imprisoned for any term of years or life, or both. {(b) whoever obstructs, or attempts to obstruct, or in any way interferes with or prevents the enforcement of this section, shall be liable to the penalties prescribed in subsection (a).*

*(June25.1948,ch645,62Stat.772.Pl,b.L103-322,titleXXXIll,{i330016(l)(K)...*

---

Page 12/20
*-2 Blashfield Automobile Law, Perm. Ed., sec. 1191, p. 321; Fulton v. Chouteau County Farmers' Co., 98 Mont. 48, 37 P.2d 1025; Morton v. Mooney, 97 Mont. 1, 33 P.2d 262, 263; Albrecht v. Waterloo Const. Co., 218 Iowa, 1205, 257 N.W. 183.*
*-Reference(s) of cases are relative as similar to the case(s) stated herein, with exception of Commercial Lien attachment(s).*

**R. Involuntary Servitude** – The factors of consistently enforcing the Plaintiff to make

many court appearances and enforce him to submit even after the plaintiff has objected

more than once on numerous occasions. Such actions are classified as an act of Servitude

involuntarily as well as threatening with incarceration as an Enticement into slavery which

is stated in *Title 18 chapter 77 §1583 in the United States Code*:

> *(a) Whoever---(1) kidnaps or carries away any other person, with the intent that such other*
> *person be sold into involuntary servitude, or held as a slave; {(2) entices, persuades, or induces*
> *any other peon to go on board my vessel or to any other place with the intent that he or she may*
> *be made or held m a slave, or sent out of the country to be so made or held; or (3) Obstructs, or*
> *attempts to obstruct, or in any way interferes with or prevents the enforcement of this section;*
> *Shall be fined under this title, imprisoned not more than 20 years, or both. (b) Whoever violates*
> *this section shall be fined under this title, imprisoned for any term of year or for life, or both if (1)*
> *The violation results in the death of the victim; or (2) The violation includes kidnapping. an*
> *attempt to kidnap, aggravated sexual abuse, an attempt to commit aggravated sexual abuse, or an*
> *attempt to kill.(June 25. 1948, ch. 645,62 Stat. 772; Pub. L. 103-322, title XXXIII, §330016(l) (K)*
> *....*
> *Such is a violation of the 13th Amendment.*

**S. Coercion** –Whereas, The Deputy  coerced the Plaintiff by compelling and enforcing

authority against the plaintiff's will and verbal assertion(s) resulting in the Plaintiff being

arrested after exercising All Rights Reserved; The Judges entered coercive Pleas and

Appearances consistently regardless  of how many objections the Plaintiff stated on the

record.

U.S. Code r Title 42 Chapter 45 Subchapter I- § 3617 Interference, coercion, or

intimidation US Code It shall be unlawful to coerce, intimidate, threaten, or interfere with

*-2 Blashfield Automobile Law, Perm. Ed., sec. 1191, p. 321; Fulton v. Chouteau County Farmers' Co.,*
*98 Mont. 48, 37 P.2d 1025; Morton v. Mooney, 97 Mont. 1, 33 P.2d 262, 263; Albrecht v. Waterloo*
*Const. Co., 218 Iowa, 1205, 257 N.W. 183.*
*-Reference(s) of cases are relative as similar to the case(s) stated herein, with exception of Commercial*
*Lien attachment(s).*

my person in the exercise or enjoyment of, or on account of his having exercised or

enjoyed, or on account of his having aided or encouraged my other person in the exercise

or enjoyment of, any right granted or protected by section 3603, 3604, 3605, or 3606 of

this title  (2) The term "coercion" means-

(A) Threats of serious harm to or physical restraint **against any person**

(B) any scheme, plan, or pain intended to cause a person to believe that failure to perform

an act would result in serious harm to or physical restraint against any person; or

(C) The abuse or threatened abuse of law or the legal process.

**T.(1) Malicious Prosecution**-Whereas, the prosecution intentionally caused distress with

more than opportune time to dismiss upon request or by respective authority.

*Reference(s) of cases are relative as similar to this case*

*-Sakharoff v. City of Boca Raton, et al., Palm Beach County Circuit Court, 15th Circuit,*

*Case No. 502005CA003106.*

**T. Mental Distress** -The plaintiff's constant worry and distraught fullness from being

ignored and intimidated by court officials as well as, others conditioned to believe

systematic doctrine(s) to perpetuate propagation of representatives of state notion

Page 14/20
*-2 Blashfield Automobile Law, Perm. Ed., sec. 1191, p. 321; Fulton v. Chouteau County Farmers' Co.,
98 Mont. 48, 37 P.2d 1025; Morton v. Mooney, 97 Mont. 1, 33 P.2d 262, 263; Albrecht v. Waterloo
Const. Co., 218 Iowa, 1205, 257 N.W. 183.*
*-Reference(s) of cases are relative as similar to the case(s) stated herein, with exception of Commercial
Lien attachment(s).*

suzerainty rather than allow sentient beings remain Sovereign concluding Servitude is the only option and benefit; the foregoing torment of the judge stating the plaintiff must return or will be incarcerated. Intimidating the Plaintiff inability to operate in special appearance and the free-exercise of such right(s); as the Judge(s) continuously downplayed enactment(s), actions and move to dismiss resulting in sentiment(s) of deep rejection when in reflection of living condition(s), causing a mental anguish resulting in self-doubt. the creating of such atmosphere was instituted by the employee(s) and "officials" who contributed to the doubt of the justice system in the mind of the plaintiff that the judge(s) and court "officials" actions are a clear enactment to stifle the defense of the Plaintiff causing the Plaintiff to waste time self-consciously in a downward spiral formulating depression.

**U.** Neglect- Where Plaintiff was Neglected Subjected to starvation until the moment of bonding out of the ORANGE COUNTY CORRECTIONAL facility; all the "inmates" male and female had been offered a brown bag with sandwiche(s) a fruit and a drink except the Plaintiff known as Jesus M Guzman Jr.; all was under video surveillance and subject to F.O.I.A. request for evidence.

**V.** Irrecompensible Damages – Plaintiff seeks payment for loss of time from family, Loss of time from occupation, Loss of time because of Detention, Damages due to the constant

-2 *Blashfield Automobile Law, Perm. Ed., sec. 1191, p. 321; Fulton v. Chouteau County Farmers' Co., 98 Mont. 48, 37 P.2d 1025; Morton v. Mooney, 97 Mont. 1, 33 P.2d 262, 263; Albrecht v. Waterloo Const. Co., 218 Iowa, 1205, 257 N.W. 183.*
-*Reference(s) of cases are relative as similar to the case(s) stated herein, with exception of Commercial Lien attachment(s).*

targeting of family, constant targeting due to the debt in which the plaintiff filed an AFFIDAVIT OF RESPONSIBILITY in which suspended the Plaintiff's "license" placing him into a debt that is not a fraud which still subject(s)(ed) him to constant incarceration from uneducated policy/law enforcement officers criminalizing persons trying to feed their family by maintaining an occupation for a steady income;

**W.** <u>Detention of Liberties</u> -Plaintiff is seeking compensation that cannot be measured due to the fact that the justice system of The STATE of FLORIDA has made Guzman Jr. the aggrieved party by refusing him liberty and holding him captive as well as, for Ransom for 12 hours or more against his will under scrutiny and starvation.

*"Where rights secured by the Constitution are involved, there can be no rule making or legislation which would abrogate them."*
*Miranda vs. Arizona, 384 US 436, 491*

<u>**X.** Financial Hardships</u> -The cases in which I was enforced/coerced/threatened with my freedom in and out of incarceration has ensnared me (Guzman Jr.) with Debt with my family and many other instances; leading me at some point to resort to tenting for weeks. The factors of being Targeted for the result of having a Debt that isn't a fraud and being incarcerated for it and criminalized for it is a hardship in its own. The occupation I work(ed) in (Wiring.com) claims **I cannot become a full time employee due to the fact of the plaintiff's action of filing an Affidavit of Responsibility which in turn**

-2 *Blashfield Automobile Law, Perm. Ed., sec. 1191, p. 321; Fulton v. Chouteau County Farmers' Co., 98 Mont. 48, 37 P.2d 1025; Morton v. Mooney, 97 Mont. 1, 33 P.2d 262, 263; Albrecht v. Waterloo Const. Co., 218 Iowa, 1205, 257 N.W. 183.*
-*Reference(s) of cases are relative as similar to the case(s) stated herein, with exception of Commercial Lien attachment(s).*

**Suspended Guzman Jr.'s License causing an extreme hardship to maintain and travel to and from work and school.**

**Y.** Violating the Judicial Canons- Canon 5a, b, etc. are meant to be upheld and provide the confidence in the justice system as well as confidence in the officials of the courts; the judge(s) have sorely abused and deviated upon their oaths, practicing law by the bench, enacting with Threat duress and Coercion which has in turn resulted in the plaintiffs greatest disbelief in the justice system.

*"The State cannot diminish rights of the people."*
*Hertado v. California, 110 U.S. 516.*

**Z.** Infringing on Plaintiff's Right to Travel – the Plaintiff has been arrested repeatedly and criminalize in unsanitary conditions creating a negative atmosphere that allows family and friends to scrutinize me for not conforming to such systematic coercion and enforcement. Such has brought a great deal of Emotional Distress and Heartache.

*"The claim and exercise of a constitutional Right cannot be converted into a crime."*
*Miller vs. U.S., 230 F. 486, 489*

**Furthermore,** I make notified the occurrences that have occurred on record:

The Judge(s) have practiced law by the bench by entering a plea for the Defendant (now, Plaintiff). Such action and practice is direct violation of the Defendant (now, Plaintiff) Rights and Right to Due process of law without impartiality not limited to other charge(s).

Page 17/20
-2 *Blashfield Automobile Law, Perm. Ed., sec. 1191, p. 321; Fulton v. Chouteau County Farmers' Co., 98 Mont. 48, 37 P.2d 1025; Morton v. Mooney, 97 Mont. 1, 33 P.2d 262, 263; Albrecht v. Waterloo Const. Co., 218 Iowa, 1205, 257 N.W. 183.*
-*Reference(s) of cases are relative as similar to the case(s) stated herein, with exception of Commercial Lien attachment(s).*

Guzman Jr. Objects and has Objected on Record. Judge Evellen H. Jewett DBA THE

HONORABLE JUDGE EVELLEN H. JEWETT; Judge Maureen Bell DBA THE

HONORABLE JUDGE MAUREEN BELL have entered pleas on behalf of the Defendant.

The Defendant knows that the Judge cannot Represent the STATE as well as, Represent the

Prosecutor therefore they are violating the Defendant's Rights to due Process through Acts

of Threat, Duress and Coercion. The Foregoing are statements from the Plaintiff in

Retrospect:

1. The Judge has enacted outside of her ability to operate in office by enforcing,

threatening and coercing the Defendant (Now known as Plaintiff Guzman Jr.).

2. The Plaintiff has objected and Objects to anyone, entity, person enacting as the agent for

Guzman Jr.

3. Such Actions to even threaten to incarcerate the defendant for a debt other than fraud is

in Direct Violation of The Florida Constitution Article I Sec. 1 I on Debt as well as, The

Violation of The Florida Constitution Article I Section 19 on Cost.

4. To Enforce enter anyone into a state of PEONAGE & Involuntary Servitude shall be in

Violation of the U.S.C.>Title 18 Ch.77 Sec. 1581, 1584. 1585(a)(b), 1589.

5. The Plaintiff has committed no fraud and is not party to any contract or obligation to

perform.

*-2 Blashfield Automobile Law, Perm. Ed., sec. 1191, p. 321; Fulton v. Chouteau County Farmers' Co., 98 Mont. 48, 37 P.2d 1025; Morton v. Mooney, 97 Mont. 1, 33 P.2d 262, 263; Albrecht v. Waterloo Const. Co., 218 Iowa, 1205, 257 N.W. 183.*
*-Reference(s) of cases are relative as similar to the case(s) stated herein, with exception of Commercial Lien attachment(s).*

**6. The Plaintiff has made notice that the above explained is a description of how Partiality is rampant. The Judge Evellen H. Jewett had passed the case 2017CT000596-A-O, to Judge Maureen Bell without properly initiating the appropriate SERVICE OF PROCESS, blatantly ignoring the right of Guzman Jr. to be properly informed in a court of law, exercising true DUE PROCESS OF LAW.**

Nevertheless, Judge Maureen Bell demonstrated coercive implementation to enter in court, actions of consolidation of such cases without proper notification; in which the Defendant (now known as Plaintiff) Objected on Record numerous times. Notwithstanding numerous attempts to allow the lower court to exercise honor and good faith; Guzman Jr. Had to correspond with the executive branch to obtain any result(s).

Guzman Jr.'s case(s) in regards to this MATTER has been "Nolle Prosequi" and have now in turn established **Guzman Jr.** as/is the **Injured/Aggrieved party**. Such events have had and still have a negative effect on the Plaintiffs life. The case(s) Dismissed reflect the amount of time wasted and cannot be returned to the Plaintiff as well as the Revenue and Mental Anguish that leads to PTSD when even seeing any form of "OFFICER" or "SHERIFF" from such immense stress and processing the plaintiff has endured; and has only lead the plaintiff to have a complete distrust in law enforcement and Judges of the Courts.

Page 19/20
-2 *Blashfield Automobile Law, Perm. Ed., sec. 1191, p. 321; Fulton v. Chouteau County Farmers' Co., 98 Mont. 48, 37 P.2d 1025; Morton v. Mooney, 97 Mont. 1, 33 P.2d 262, 263; Albrecht v. Waterloo Const. Co., 218 Iowa, 1205, 257 N.W. 183.*
-*Reference(s) of cases are relative as similar to the case(s) stated herein, with exception of Commercial Lien attachment(s).*

The Emotional Distress as well as, the Intimidation of the abuse from occurence(s) of

flashbacks from Seminole County Sheriff's Abuse, Lies and Violation(s) (FOIA has been

requested); Ongoing to the point of being pulled over to being booked and STARVED in

jail for more than eight hours (last meal prior to arrest: 6pm Jan.21 2017=) without any

form of nourishment nor even an offer of humane consideration was given by the

ORANGE COUNTY CORRECTIONS OFFICERS on duty; the intimidation and blatant

disregard for self-litigating presentation and excessive over riddance without stating on the

record in court denying the Plaintiff true Due Process of Law.

*-Article IV, § 2, cl. 1. 2086;*

"Officials" and the Judge(s) Presiding operating under "Color of Law" are in Violation of

Plaintiffs Civil Rights by The following prior incidents in which occured in open court:

Judge Maureen Bell Stated the Defendant's "case(s) of 2017CT000546-A-0 and

2017CT596-4-0 have been consolidated." Guzman Jr. Stated "the Judge and court have not

provided proper notification of a case consolidation and the courts cannot proceed unless

the courts notify me." Guzman Jr. Made notified of the lack of service of process and the

Venue and Jurisdiction be clarified on open record. The courts ignore and proceed.

Guzman Jr. has notified the court that no plea has been entered. Guzman Jr. has stated the

courts cannot proceed unless we establish proper Jurisdiction with full discretion.

Page 20/20
*-2 Blashfield Automobile Law, Perm. Ed., sec. 1191, p. 321; Fulton v. Chouteau County Farmers' Co., 98 Mont. 48, 37 P.2d 1025; Morton v. Mooney, 97 Mont. 1, 33 P.2d 262, 263; Albrecht v. Waterloo Const. Co., 218 Iowa, 1205, 257 N.W. 183.*
*-Reference(s) of cases are relative as similar to the case(s) stated herein, with exception of Commercial Lien attachment(s).*

The Judges Entered a plea for Guzman Jr.; Guzman Jr. Objects.

The Judge Continues to proceed with trial; Guzman Jr. Objects.

Guzman Jr. asks if he can provide some documents with the STATE Attorney.

After various statements to provide documentation to the state, Judge Bell tells the bailiff

to grasp the document(s) and provide it to the STATE attorney.

Guzman Jr. has notified the courts that there is no jurisdiction and states that the

proceeding cannot proceed until the Judge and said state officials of the court State the

Nature, Cause, Action, Venue, Jurisdiction and Injured Party along with the legal intent the

court intends on using when trying the Case No. 2017CT000546-A-0. The Judge

proceeded Railroading, to establish distraction and implement submission by coercive

silence and subjugation. The Judge Issues a trial; Guzman Jr. Objects.

Guzman Jr. States: There cannot be a Trial unless the Nature and the Cause as

well as the Jurisdiction and Venue are established.

The Judge Proceeds to consult STATE ATTORNEY on "Factual Basis" Pausing

Momentarily. Guzman Jr. speaks into the microphone stating: "I have not

Been charged and I have objected." The Judge Proceeds with setting a Trial as the Bailiff

notifies Guzman Jr. to have a seat. Jesus states: I Object. And denies the appointment of

Counsel. Guzman Jr. then Asks to provide the state with Documentation and then granted

Page 21/20
-2 *Blashfield Automobile Law, Perm. Ed., sec. 1191, p. 321; Fulton v. Chouteau County Farmers' Co.,*
*98 Mont. 48, 37 P.2d 1025; Morton v. Mooney, 97 Mont. 1, 33 P.2d 262, 263; Albrecht v. Waterloo*
*Const. Co., 218 Iowa, 1205, 257 N.W. 183.*
*-Reference(s) of cases are relative as similar to the case(s) stated herein, with exception of Commercial*
*Lien attachment(s).*

such in open court by Judge Maureen Bell DBA THE HONORABLE JUDGE MAUREEN

BELL. Guzman Jr., has sent two contact letters, Affidavit of Obligation-Commercial Lien,

copy of U.C.C Financing Statement with Collateral Attachment, and a copy of all

documentation filed with the Middle District Court of Orlando Division to the

Defendant(s) in the month of March Two-Thousand-Twenty-One.

*Saenz v. Roe, 526 U.S. 489 (1999); Article IV, § 2, cl. 1. ; "The right to travel is a part*

*of the liberty of which the citizen cannot be deprived without due process of law under*

*the 5th Amendment." -Kent v Dulles, 357 U.S. 116, 125.*

## CONCLUSION

The Plaintiff is bring Action Remedy & Recourse; seeking Restitution on the grounds

stated below.: **JESUS M GUZMAN JR. Has suffered, False Imprisonment, Detention of**

**Liberties, defamation, Wrongful Confinement, infliction of emotional distress, Violation of**

**Constitutional Rights, Violation(s) of Civil Rights. Interference with Plaintiff's free right to travel,**

**Misprision, Racial Profiling, Detention of Liberties Punitive Damages, Pain and Suffering,**

**Obstruction "Service of Process" and Violating the "Law(s) of Due Process", Loss of Wages,**

**Racial Profiling, Irrecompensible loss of time, Involuntary Servitude, Peonage, Wrongful**

**confinement, Damage to Reputation, Character Assassination, Arbitrary Interference with Property**

**Rights, Threat, Duress, Coercion: Irrecompensible damages, loss of time at home with family, Loss**

**of Time from Job, Emotional Hardship, Mental Distress. Excessive travel and Travel expenses.**

*-2 Blashfield Automobile Law, Perm. Ed., sec. 1191, p. 321; Fulton v. Chouteau County Farmers' Co., 98 Mont. 48, 37 P.2d 1025; Morton v. Mooney, 97 Mont. 1, 33 P.2d 262, 263; Albrecht v. Waterloo Const. Co., 218 Iowa, 1205, 257 N.W. 183.*
*-Reference(s) of cases are relative as similar to the case(s) stated herein, with exception of Commercial Lien attachment(s).*

<u>Deep distrust in confidence in law enforcement (Mental Detriment), Dishonored Under "COLOR</u>

<u>OF LAW", Financial Hardships as well as, Hardships of family assistance which has incurred debts</u>

<u>with interest(s), not limited to other violations in attaching document(s).</u>

 I affirm that the above statement are factual statements to my knowledge and may attest to

the aforesaid Under Penalty of Perjury.

Honorably Submitted,

JESUS M GUZMAN JR.

All Rights Reserved.

 *I affirm I will U.S. Mail, FedEx, UPS, or Hand Deliver a copy to <u>all parties regarding this matter(s)</u> and,*
*The Attorney General, of the STATE of FLORIDA,  the Capital PL-01, Tallahassee, FL 32399- 1050*

## <span style="color:red">CERTIFICATE OF SERVICE</span>

I affirmed, acknowledged and oath administered by me, a Notary Public, this 10 day of April , 2021 upon
satisfactory evidence the identity of the affiant has been proven by providing Identification.

**[NOTARY SEAL]**

Notary Public (Signature)

Debra J. Romano
Printed Name

My Commission expires:  6. 05 2022



*-2 Blashfield Automobile Law, Perm. Ed., sec. 1191, p. 321; Fulton v. Chouteau County Farmers' Co.,*
*98 Mont. 48, 37 P.2d 1025; Morton v. Mooney, 97 Mont. 1, 33 P.2d 262, 263; Albrecht v. Waterloo*
*Const. Co., 218 Iowa, 1205, 257 N.W. 183.*
*-Reference(s) of cases are relative as similar to the case(s) stated herein, with exception of Commercial*
*Lien attachment(s).*

## NOTICE OF EX PARTE COMMUNICATION(S)

 COPY

(4/3/2021)

**To:**   **STATE OF FLORIDA;**
**Patrick Lewis DBA DEPUTY PATRICK LEWIS;**
**Evellen Jewett DBA JUDGE EVELLEN JEWETT;**
**Maureen Bell DBA JUDGE MAUREEN BELL;**

re:   Tacit Response, Acquiesce, *Ex Parte* Communication(s); Commercial Lien-
Affidavit of Obligation; First and Second Contact letter;
UCC Financing Statement.

**To Whom it may concern,**

This information(s) provided to notify all Juristic Person(s) and/or Sentient Individual(s); numerous attempts to contact the parties named herein, to no avail. When notice(s), correspondence(s), information(s) with request of a correspondence, the window of responding establishes special permission(s) not available to others that might utilize another's property for incorrect purpose(s). This is why communication(s) and correspondence(s) are sent to agencies and individual(s) regarding certain matter(s). The in-availability to utilized one's property after being requested to do so, for a communicative resolution has been provided for the satisfaction of negotiation(s); to wit, have been duly noted as ignored and unimportant to the parties named herein.

With great dismay I provide you this NOTICE of acceptance of TACIT RESPONSE; ACQUIESCE establishing this Ex Parte' Communication(s) as an instrument in a Court of Law.

### YOU HAVE BEEN MADE NOTIFIED!

Graciously, JESUS M GUZMAN JR, extends the window for 3 days to correspond after receipt of this communication(s).

State of Florida
County of _Orange_

Sworn to (or affirmed) and subscribed before me
this _3_ day of _April_, _2021_,
            (Date)       (Month)        (Year)
by _Jesus M. Guzman Jr._
            (Name of Affiant)
_Debra J Romano_        (Seal)
(Signature of Notary Public - State of Florida)
_Debra J. Romano_
            (Name of Notary Public)

Personally Known _____ OR Produced Identification _X_
Type of Identification Produced _FL ID_

Submitted With Honor,

_[signature]_ → Authorized
                                              Rep.
JMGJ/JMGJR      w/ out reco
                    to Trustee;

DEBRA J. ROMANO
NOTARY PUBLIC
STATE OF FL
My Comm. Expires
June 05, 2022
No. GG 199277